| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT O F NEW JERSEY** | CASE NO.: 26-11638-ABA |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>Authorized Agent for Secured Creditor<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone Number 973-575-0707<br>Attorneys For Secured Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RS4<br><br>Vincent A. Aprile, Esquire<br><br>NJ 031441997 | CHAPTER 13<br><br>JUDGE: Andrew B. Altenburg Jr. |
| **In Re:**<br><br>**Katanya Simmons aka Katanya Epps,**<br><br>**Debtor,** | |

**MOTION REQUESTING CONFIRMATION NO AUTOMATIC STAY IS IN EFFECT PURSUANT TO 11 U.S.C. §362 (j)**

Secured Creditor, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RS4 by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(j), to confirm the automatic stay has been terminated, and, in support thereof, states the following:

1. Debtor, Katanya Simmons filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 13, 2026.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

**3.** On January 12, 2005 Debtor(s) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $773,986.73. The Mortgage was recorded on January 12, 2005 in Book 7236 at Page 254 through 262 of the Public Records of Gloucester County, New Jersey. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The mortgage provides Secured Creditor a lien on the real property located at 101 LYNX COURT. MULLICA HILL. NJ 08062, and legally described as stated in the mortgage attached in Composite Exhibit "A."

5. A Sheriff sale and deed transfer took place July 23, 2025 and the confirmation date took place August 4, 2025. The property is therefore not property of the bankruptcy estate. Secured creditor owns the property, not the Debtor. The Debtor will need to be evicted from the property.

6. According to secured creditors records the debtor remains in default pre-petition since December 1, 2016.

7. Secured Creditor is presently unable to proceed to enforce its security interest in the collateral, and respectfully requests the Court confirm termination of the automatic stay pursuant to 11 U.S.C. § 362(j).
8. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.
9. A Proposed Order accompanies this Motion. See Exhibit "A" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order confirming termination of the automatic stay under 11 U.S.C. § 362(j) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
Attorney for Secured Creditor
130 Clinton Road, Suite 202
Fairfield NJ, 07004
By: _/s/ Vincent A. Aprile_
Vincent A. Aprile, Esquire
NJ Bar Number: 512012025
Email: vaprile@raslg.com

<table>
<tr><td>UNITED STATES BANKRUPTCY COURT<br>DISTRICT O F NEW JERSEY</td><td rowspan="3">CASE NO.: 26-11638-ABA<br><br>CHAPTER 13<br><br>JUDGE: Andrew B. Altenburg Jr.</td></tr>
<tr><td>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>Authorized Agent for Secured Creditor<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone Number 973-575-0707<br>Attorneys For Secured Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RS4<br><br>Vincent A. Aprile, Esquire<br><br>NJ 031441997</td></tr>
<tr><td>In Re:<br><br>Katanya Simmons aka Katanya Epps,<br><br>Debtor,</td></tr>
</table>

CERTIFICATION OF SERVICE AND PROOF OF MAILING

I, Justine Bennett:

■ I am employed as a paralegal/secretary for the above-referenced firm who represents the movant in the above-captioned matter

■ On March 27, 2026, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below: Motion Requesting Confirmation No Automatic Stay Is In Effect Pursuant To 11 U.S.C. §362 (j), and Certification of Service.

I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: March 27, 2026 ____/s/__Justine Bennett____________________

| Name and Address of Party Served | Relationship of Party to Case | Mode of Service |
|---|---|---|
| Andrew B Finberg<br>Office of the Chapter 13 Standing Trustee<br>535 Route 38<br>Suite 580<br>Cherry Hill, NJ 08002 | Trustee | □ Hand Delivered<br>■ Regular Mail<br>□ Certified Mail/RR<br>□ E-Mail<br>■ Notice of Electronic Filing (NEF)<br>□ Other _______________<br>(as authorized by court*) |
| Katanya Simmons<br>101 Lynx Ct<br>Mullica Hill, NJ 08062 | Debtor(s) | □ Hand Delivered<br>■ Regular Mail<br>□ Certified Mail/RR<br>□ E-Mail<br>□ Notice of Electronic Filing (NEF)<br>□ Other _______________<br>(as authorized by court*) |
| **U.S. Trustee**<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | □ Hand Delivered<br>■ Regular Mail<br>□ Certified Mail/RR<br>□ E-Mail<br>■ Notice of Electronic Filing (NEF)<br>□ Other _______________<br>(as authorized by court*) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT O F NEW JERSEY** | CASE NO.: 26-11638-ABA |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>Authorized Agent for Secured Creditor<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone Number 973-575-0707<br>Attorneys For Secured Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RS4<br><br>Vincent A. Aprile, Esquire | CHAPTER 13<br><br>JUDGE: Andrew B. Altenburg Jr. |

| | |
|---|---|
| NJ 031441997 | |
| **In Re:**<br><br>**Katanya Simmons aka Katanya Epps,**<br><br>**Debtor,** | |

**COMFORT ORDER GRANTING MOTION REQUESTING CONFIRMATION NO AUTOMATIC STAY IS IN EFFECT PURSUANT TO 11 U.S.C. §362 (j)**

On March 27, 2026, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RS4 ("Secured Creditor") filed a Motion Requesting Confirmation No Automatic Stay Is In Effect (DE 23).

**ORDERED:**

1. For having confirmation of sale. As per the Motion Requesting Confirmation No Automatic Stay Is In Effect Pursuant To 11 U.S.C. §362 (J) entered on March 27, 2026 (DE 23), Secured Creditor is requesting for this case to be **GRANTED**.

###

Submitted by:
Robertson, Anschutz, Schneid, Crane, & Partners PLLC
*Authorized Agent for Creditor*
130 Clinton Road, Suite 202
Fairfield NJ, 07004
Telephone: 973-575-0707
Fax: 973-404-8886

Attorney Vincent Aprile, vaprile@raslg.com is directed to serve copies of this order on the parties listed and file a certificate of service within 3 days.

| Name and Address of Party Served | Relationship of Party to Case | Mode of Service |
|---|---|---|
| Andrew B Finberg<br>Office of the Chapter 13 Standing Trustee<br>535 Route 38<br>Suite 580<br>Cherry Hill, NJ 08002 | Trustee | □ Hand Delivered<br>■ Regular Mail<br>□ Certified Mail/RR<br>□ E-Mail<br>■ Notice of Electronic Filing (NEF)<br>□ Other ________________<br>(as authorized by court*) |
| Katanya Simmons<br>101 Lynx Ct<br>Mullica Hill, NJ 08062 | Debtor(s) | □ Hand Delivered<br>■ Regular Mail<br>□ Certified Mail/RR<br>□ E-Mail<br>□ Notice of Electronic Filing (NEF)<br>□ Other ________________<br>(as authorized by court*) |
| **U.S. Trustee**<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | □ Hand Delivered<br>■ Regular Mail<br>□ Certified Mail/RR<br>□ E-Mail<br>■ Notice of Electronic Filing (NEF)<br>□ Other ________________<br>(as authorized by court*) |

# EXHIBIT A

**DOCKET#:29777 Type:ERX-Deed**
**PAGES:9**

E-recorded

**HONORABLE JAMES N. HOGAN**
**GLOUCESTER COUNTY CLERK**
**RECEIPT#:** [redacted] **08:38:32 AM**

**09/16/2025**
[redacted]

**Fee:$ 110.00**

**CONSIDERATION:$ 100.00 Tax/Code: STANDARD UNDER 350K**

---

| | | | | | |
|---|---|---|---|---|---|
| COUNTY | : | .50 | STATE | : | 1.25 |
| NJAHTF | : | 0.00 | EAA | : | 0.00 |
| PHPFA | : | .25 | GEN PURP | : | 0.00 |
| MILLIONAIRE FEE | : | 0.00 | | | |

**REALTY TOTAL: $ 2.00**

---

**GRANTEE ADDRESS: 1661 WORTHINGTON ROAD, SUITE 100**

**WEST PALM BEACH**
**FL -33409**

**DOCUMENT DATE: 07/23/2025**

**MUNICIPALITY: HARRISON BLOCK: 16.01 LOT: 45**

**PARTIES:**

FIRST PARTY-CARMEL M MORINA SHERIFF OF GLOUCESTER COUNT
ADDITIONAL PARTY-KATANYA EPPS
ADDITIONAL PARTY-KATANYA SIMMONS
ADDITIONAL PARTY-ALBERT S THOMAS III
ADDITIONAL PARTY-ALBERT S THOMAS
ADDITIONAL PARTY-BENEFICIAL NEW JERSEY INC
ADDITIONAL PARTY-HARRISON ESTATES HOME
ADDITIONAL PARTY-MIDLAND FUNDING LLC
ADDITIONAL PARTY-ROBERT S PATITUCCI MD
ADDITIONAL PARTY-STATE OF NEW JERSEY
ADDITIONAL PARTY-JUANITA C THOMAS
ADDITIONAL PARTY-S ASSOC
SECOND PARTY-BANK OF NEW YORK MELLON TRUST CO NATIONAL A
ADDITIONAL PARTY-BANK OF NEW YORK TRUST CO NA
ADDITIONAL PARTY-JPMORGAN CHASE BANK NA
ADDITIONAL PARTY-RESIDENTIAL ASSET MTG PRODUCTS INC MTG

**RECORD & RETURN TO:**
**CORPORATION SERVICE COMPANY**

**PLEASE DO NOT DETACH THIS PAGE FROM THE ORIGINAL DOCUMENT AS IT CONTAINS IMPORTANT INFORMATION AND IS PART OF THE PERMANENT RECORD.**

**PREPARED BY:**

**DORI SCOVISH, ESQUIRE**
**Robertson, Anschutz, Schneid,**
**Crane & Partners, PLLC**
**130 Clinton Road, Suite 202**
**Fairfield, NJ 07004**

# SHERIFF'S DEED

**THIS INDENTURE**, made this 23rd day of **July, 2025**

**BETWEEN, CARMEL M. MORINA, Sheriff** of the County of Gloucester, in the State of New Jersey, party of the first part, **AND**

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RS4**, with an address of **1661 Worthington Road, Suite 100, West Palm Beach, FL 33409**, party of the second part, witnesseth.

**WHEREAS,** on the **8th** day of **May, 2024**, a certain Alias Writ of Execution was issued out of the Superior Court of New Jersey, Chancery Division – Gloucester County, Docket No. **F-025374-17,** directed and delivered to the Sheriff of the said County of Gloucester and which said Writ is in the words or to the effect following that is to say:

**THE STATE OF NEW JERSEY to the**
**Sheriff of the County of Gloucester, GREETINGS:**

**WHEREAS,** on **11th** day of **January, 2022**, by a certain Judgment made in our Superior Court of New Jersey in a certain cause therein pending, wherein the **PLAINTIFF** is

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RS4**

**AND** the following named parties are the **DEFENDANTS:**

**KATANYA EPPS A/K/A KATANYA SIMMONS; ALBERT S. THOMAS, III A/K/A ALBERT S. THOMAS; BENEFICIAL NEW JERSEY INC.; HARRISON ESTATES HOMEOWNERS ASSOCIATION; MIDLAND FUNDING LLC; ROBERT S. PATITUCCI, MD; STATE OF NEW JERSEY; JUANITA C. THOMAS**

**IT WAS ORDERED AND ADJUDGED** that, certain mortgaged premises, with the appurtenances, in the Complaint (and Amendments to Complaint, if any), in the said cause particularly set forth and described, that is to say: The mortgaged premises are described as set forth upon the **RIDER ANNEXED HERETO AND MADE A PART HEREOF;**

**BEING KNOWN AS** Tax **Lot 45** in **Block 16.01** commonly known as **101 LYNX COURT, MULLICA HILL, NJ 08062.**

**TOGETHER,** with all and singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest,

use, property, claim and demand of the said defendant(s), of, in, to and out of the same, to be sold to pay and satisfy in the first place unto the Plaintiff, **The Bank Of New York Mellon Trust Company, National Association f/n/a The Bank of New York Trust Company, N.A. As Successor To JPMorgan Chase Bank, N.A., As Trustee For Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-**RS4, the sum of **$773,986.73** being the principal, interest and advances secured by a certain mortgage dated **January 12, 2005** and given by **Albert S. Thomas, III a/k/a Albert S. Thomas** being indebted to **Trident Mortgage Company, LP** with lawful interest from **July 01, 2021** together with lawful interest thereafter until the same be paid and satisfied and also the costs of the aforesaid Plaintiff with interest thereon;

**AND**, for that purpose, a Writ of Execution should issue, directed to the Sheriff of Gloucester County commanding him to make sale as aforesaid; and that the surplus money arising from such sale, if any there be, should be brought into our said Court, by the said Judgment remaining as of record in our said Superior Court of New Jersey at Trenton, doth and may more fully appear, and whereas, the costs and Attorney's fees of the said Plaintiff have been duly taxed at the following sum **$7,925.00**.

**THEREFORE**, you are hereby commanded that you cause to be made of the premises aforesaid, by selling so much of the same as may be needful and necessary for the purpose, the said sum of **$773,986.73** and the same you do pay to the said Plaintiff, together with contract and lawful interest thereon as aforesaid, and the sum aforesaid of costs with interest thereon; and that you have the surplus money, if any there be, before our said Superior Court of New Jersey, aforesaid at Trenton, within thirty (30) days after pursuant to R. 4:59-1(a), to abide the further Order of the said Court, according to the Judgment aforesaid, and you are to make return at the time and place aforesaid, by certificate under your hand, of the manner in which you have executed this our Writ, together with this Writ, and if no sale, this Writ shall be returnable within twenty-four (24) months.

**WITNESS,** the Honorable **Robert G. Malestein, P.J. Ch.,** Judge of the Superior Court at WOODBURY, aforesaid, the **8th** day of **May, 2024.**

**/s/MICHELLE M. SMITH, ESQUIRE**
**MICHELLE M. SMITH, ESQUIRE**
**Clerk of the Superior Court**

SIGNED AND SEALED IN THE SUPERIOR COURT OF NEW JERSEY

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**
Attorneys for Plaintiff
**By: *|s| Rhondi Lynn Schwartz***
**RHONDI LYNN SCHWARTZ, ESQUIRE**

**AS,** by the record of said Writ of Execution in the Office of the Superior Court of New Jersey, at Trenton, in **Book# 24** of Executions, **Page# 002963** etc., may more fully appear.

**AND WHEREAS, I,** the said **CARMEL M. MORINA,** as such **Sheriff** as aforesaid did in due form of law, before making such sale give notice of the time and place and of the upset price of such sale by public advertisement, signed by myself, and set up in my office in the County of Gloucester, Justice Complex Building, at 70 Hunter St. Woodbury, NJ 08096 in Gloucester County, being the County in which said real estate is situate and also set up at the premises to be sold at least three (3) weeks next before the time appointed for such sale;

**AND I,** also caused such notice to be published four (4) times in two (2) newspapers designated by me and circulating in the said County, the County wherein the real estate to be sold is situate, the same being designated for the publication by the Laws

of this State, and circulating in the neighborhood of said real estate, at least once a week during four (4) consecutive calendar weeks. Such newspapers, **SOUTH JERSEY TIMES** and **SENTINEL OF GLOUCESTER COUNTY,** are newspapers with circulation in **the said Gloucester County**. The first publication was at least twenty-one (21) days prior and the last publication not more than eight (8) days prior to the time appointed for the sale of such real estate, and by virtue of said Writ of Execution, I did offer for sale the said land and premises at public vendue at the 1 North Broad Street, Ceremonial Courtroom #201, Woodbury, NJ 08096 on the **23rd** day of **July, 2025** at the hour of 2:00 in the p.m.

**WHEREUPON,** the said party of the second part bidding therefore for the same, the sum of **$100.00** and no other person bidding as much, I did then and there openly and publicly in due form of law between the hours of 2:00 and 5:00 in the p.m., strike off and sell tracts or parcels of land and premises for the sum of **$100.00** to the said party of the second part being then and there the highest bidder for same. And on the **23rd** day of **July** in the year last aforesaid, I did truly report the said sale to the Superior Court of New Jersey, Chancery Division, and no objection to the said sale having been made, and by Assignment of Bid filed with the Sheriff of Gloucester County said bidder assigned its bid to: **N/A.**

**NOW THEREFORE, THIS INDENTURE, WITNESSETH,** that **I,** the said **CARMEL M. MORINA,** as such Sheriff as aforesaid, under and by the virtue of the said Writ of Execution, and in execution of the power and trust in me reposed and also for and in consideration of the said sum of **$100.00** therefrom acquit, exonerate and forever discharge to the said party of the second part, its successors and assigns, have granted, bargained, sold, assigned, transferred and conveyed, and by these presents do grant, bargain, sell, assign, transfer and convey, unto the said party of the second part, its successors and assigns, all and singular the said tract or parcel of lands and premises, with the appurtenances, privileges and hereditaments thereunto belonging or in any way appertaining; to have and hold the same, unto the said party of the second part, its successors and assigns to its and their only proper use, benefit, and behoof forever, in as full, ample and beneficial manner as by virtue of said Writ of Execution I may, can or ought to convey the same.

**AND, I,** the said **CARMEL M. MORINA,** do hereby, covenant, promise and agree, to and with the said party of the second part, its successors and assigns, that I have not, as such Sheriff as aforesaid, done or cause, suffered or procured to be done any act, matter or thing whereby the said premises, or any part thereof, with the appurtenances, are or may be charged or encumbered in estate title or otherwise.

**IN WITNESS WHEREOF, I,** the said **CARMEL M. MORINA** as such **Sheriff** as aforesaid, have hereunto set my hand and seal the day and year aforesaid.

Signed, sealed and delivered
in the presence of

Notary Public, State of New Jersey

CHARLE SWANSON
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION # 50233109
EXPIRES: MAY 2, 2030

_L.S._
**CARMEL M. MORINA, SHERIFF**

**STATE OF NEW JERSEY** :
: §
**COUNTY OF GLOUCESTER** :

I, **CARMEL M. MORINA,** Sheriff, of the County of Gloucester, do solemnly swear that the real estate described in this Deed made to **The Bank Of New York Mellon Trust Company, National Association f/n/a The Bank of New York Trust Company, N.A. As Successor to JPMorgan Chase Bank, N.A., As Trustee For Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RS4,** was by me sold by virtue of a good and subsisting execution as is therein recited, that the money ordered to be paid has not been, to my knowledge or belief, paid or satisfied, that the time, place and upset price of the sale of said real estate was by me duly advertised as required by law, and that the same was cried off and sold to a bona fide purchaser for the best price that could be obtained, and the true consideration for this conveyance as set forth in the Deed is **$100.00**.

_______________________ *L.S.*
**CARMEL M. MORINA**

**STATE OF NEW JERSEY** :
: §
**COUNTY OF GLOUCESTER** :

On this 3rd day of September, 2025, before me, a Notary Public of the State of New Jersey, personally appeared **CARMEL M. MORINA,** Sheriff of the County of Gloucester, who is, I am satisfied, the Grantor in the within Indenture named, and having first made known to him the contents thereof, he did thereupon acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

_______________________
NOTARY PUBLIC

CHARLE SWANSON
NOTARY PUBLIC
MY COMMISSION # 50233109
EXPIRES: MAY 2, 2030

# SHERIFF'S DEED

**CARMEL M. MORINA, SHERIFF**

**TO**

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RS4**

Received in the Clerk's Office in the County of Gloucester,
Woodbury, New Jersey on the _______ day of
___________ ______, 2025, and recorded in
Book No. ___ ______ of Deeds, for said County,
On Page _____ & c.

**JAMES N. HOGAN, CLERK**

# RIDER TO THE WRIT OF EXECUTION

ALL THAT TRACT or parcel of land and premises, situate, lying and being in the **Township** of **Harrison**, County of Gloucester, and State of New Jersey, more particularly described as follows:

SEE ATTACHED **EXHIBIT "A"**

*For informational purposes only:*

Gloucester County Sheriff Department has relied on the legal description and lot and block number as submitted by the foreclosure law firm.

For informational purposes only:

**Block 16.01, Lot 45** on the tax map of **Township of Harrison.**

Commonly known as **101 LYNX COURT, MULLICA HILL, NJ 08062.**

[redacted] 05/08/2024 Pg 5 of 5 [redacted]
Recorded in the Office of the Superior Court Clerk Pg 5 of 5 [redacted]

## EXHIBIT A LAND DESCRIPTION

LAND AND PREMISES situate in the Township of Harrison, County of Gloucester and State of New Jersey a. follows:

AMENDED IN ACCORDANCE WITH SURVEY BY Avi Luzon, P.L.S. dated December 18, 2004.

BEGINNING at an iron pin found for a point at the end of a curve having a radius of 10.00 feet connecting the Easterly line of Lynx Court (50 feet wide) with the Southerly line of Raccoon Lane (50 feet wide), and extending; thence

(1) Along said Southerly line of Raccoon Lane, North 87 degrees 56 minutes 25 seconds East, a distance of 167.22 feet to a monument found at a point of curve; thence

(2) Along a curve curving to the right having a radius of 25.00 feet, an arc length of 35.02 feet to a point of tangency in the Westerly line of C.R. 623 (a/k/a Mullica Hill Road); thence

(3) Along same, South 11 degrees 47 minutes 28 seconds East, a distance of 186.00 feet to an iron pin found for a point in the division line between Lots 44 and 45; thence

(4) Along said division line, South 84 degrees 26 minutes 25 seconds West, a distance of 221.04 feet to an iron pin found for a point in the Easterly line of Lynx Court; thence

(5) Along said Easterly line of Lynx Court, North 05 degrees 33 minutes 35 seconds West, a distance of 207.37 feet to an iron pin found at a point of curve; thence

(6) Along a curve to the right having a radius of 10.00 feet, an arc length of 16.32 feet to the point and place of beginning.

BEING KNOWN AS Lot 45, Block 16.01, "Subdivision of Raccoon Crossing, Final Plat, Phase I" filed 1/28/99 as Map No. 2973.

COMMONLY KNOWN as 101 Lynx Court, Mullica Hill.

TAX NOTE: Being known as Block 16.01, Lot 45 on the official tax map.

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION**
**(STATEMENT OF PRIOR MORTGAGE, LIENS OR ENCUMBERANCES)**
**FOR SHERIFF'S DEEDS (c. 225, P.L. 1979)**
**To Be Recorded With Deed Pursuant to c. 49 P.L. 1968, as amended and 225, P.L. 1979**

STATE OF NEW JERSEY

COUNTY ESSEX

FOR RECORDER'S USE ONLY
Consideration $ ____
Realty Transfer Fee $ ____
Date ______ By ______

**IMPORTANT NOTES:**

This form is to be attached to all Sheriff's Deed not otherwise exempt pursuant to N.J.S.A. 46.15-10, when presented to the County Clerk of Register of Deed's for recording. One of the following blocks **MUST** be checked:

[X] NO PRIOR MORTGAGES OR LIENS ARE OUTSTANDING.
[ ] PRIOR MORTGAGE OR LIENS OUTSTANDING AND NOT EXTINGUISHING BY THE SALE ARE AS LISTED IN SECTION 2
[ ] BELOW

**(1) PARTY OR LEGAL REPRESENTATIVE**

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RS4**
*(Plaintiff)*
*Dori Scovish , Esq.*
*(Legal Representative of Plaintiff)*

("Legal representative is to interpreted broadly to include any person actively and responsibly participating in the transaction, such as but not limited to: an attorney representing one of the parties; a closing officer of a title company of lending institution participating in transaction; a holder of power of attorney from plaintiff.)

**(2) CONSIDERATION**

Deponent states that, with respect to deed hereto annexed, there follows the name or names of all mortgagees and other holders of encumbrances constituting "consideration" as defined in the act to which this act is a supplement (C. 46:15-5(c)), to which such sale shall be subject. Such prior mortgages liens and encumbrances are as follows:

NAME OF SECURED PARTY CURRENT AMOUNT DUE

TOTAL $ 0.00

NOTE: The amount of consideration on which the Realty Transfer Fee shall be calculated shall include both the total listed above and the amount bid at the sale as set forth in the Sheriff's Deed.

Deponent makes affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968, as amended, and c. 225, P.L. 1979.

Subscribed and Sworn to before me
on this 20 day of MAY 2024
[signature]

[signature]
Name of Deponent: Dori Scovish , Esq.
130 Clinton Road, Suite 202, , Fairfield, NJ 07004

| | |
|---|---|
| AMOUNT BID AT SHERIFF SALE<br>$ 100 | FOR OFFICIAL USE ONLY<br>This space for use of County Clerk or Register of Deeds<br>Instrument Number ____ County<br>Deed Number ____ Block ____ Page<br>Deed Dated ____ Date Recorded |

[redacted]

ROBERT CALVANICO
NOTARY PUBLIC OF NEW JERSEY
Commission # 50163904
My Commission Expires 6/17/2028

ORIGINAL

# FIXED/ADJUSTABLE RATE NOTE

**(One Year Treasury Index-Rate Caps)**

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| January 12, 2005 | CHERRY HILL | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

101 LYNX COURT, MULLICA HILL, NJ 08062
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 430,350.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Trident Mortgage Company, LP I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.5000 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on March 1, 2005. I will make these payments every month until I have paid all of the principal and interest any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before Principal. If, on February 1, 2035 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1409 N. KINGS HIGHWAY, CHERRY HILL, NJ 08034 or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 2,443.48 . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of February 2010 , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Two and Three / Quarters percentage points ( 2.7500 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.500% or less than 2.7500 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points (2.0%) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 10.500%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note. I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use all of my Prepayments to reduce the amount of principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be a least 30 days after the date on which the notice is mailed or delivered to me by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.**

As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, instalment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property sold or transferred (or if Borrower is not a naturaal person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.**

As used in Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Albert S. Thomas III _____(Seal)
ALBERT S. THOMAS, III -Borrower

_____(Seal)
-Borrower

_____(Seal)
-Borrower

_____(Seal)
-Borrower

*[Sign Original Only]*

WITHOUT RECOURSE PAY TO THE ORDER OF:

E TRADE BANK

**TRIDENT MORTGAGE COMPANY, LP**

Gerard F. Griesser

Gerard F. Griesser, President

# ALLONGE TO NOTE

**NOTE DATE:** January 12, 2005

**VAULT #** [redacted]

**SERVICER LOAN #** [redacted]

**OLD LOAN #** [redacted]

**SALE DEAL #** [redacted]

**BUY DEAL-POOL #** [redacted]

**BORROWERS:** Albert S Thomas, III

**PROPERTY ADDRESS:**
101 Lynx Court, Mullica Hill, NJ 08062

**ORIGINAL LOAN AMOUNT:** $430,350.00

PAY TO THE ORDER OF
JP MORGAN CHASE BANK, AS TRUSTEE
WITHOUT RECOURSE
Residential Funding Corporation
By [signature]
Judy Faber, Vice President

**PAY TO THE ORDER OF**

RESIDENTIAL FUNDING CORPORATION

---

**WITHOUT RECOURSE**
**E*TRADE BANK**

BY: [signature]
Nancy Havran
Vice President

[redacted]

# ALLONGE TO NOTE

**This endorsement is a permanent part of the Note, in the amount of $430,350.00**

**NOTE DATE:** **January 12, 2005**

**BORROWER NAME:** **ALBERT S. THOMAS, III**

**PROPERTY:** **101 LYNX COURT**
**MULLICA HILL, NJ 08062**

**PAY TO THE ORDER OF:**

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RS4**

**WITHOUT RECOURSE**

**JPMORGAN CHASE BANK N.A. F/K/A JPMORGAN CHASE BANK, AS TRUSTEE**

______________________________

**Signer: TIM W. WRIGHT**
**Title: VICE PRESIDENT**

[redacted]

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note, in the amount of **$430,350.00**

NOTE DATE: **01/12/2005**

BORROWER NAME: **ALBERT S. THOMAS, III**

PROPERTY: **101 LYNX COURT**
**MULLICA HILL, NJ 08062**

VOID

PAY TO THE ORDER OF:

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RS4**

WITHOUT RECOURSE

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY AS TRUSTEE BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING , LLC**

Melissa Lezama

Signer: Melissa Lezama
Title: Authorized Signer

[redacted]

**ALLONGE TO NOTE**

This endorsement is a permanent part of the Note, in the amount of **$430,350.00**

NOTE DATE: **01/12/2005**

BORROWER NAME: **ALBERT S. THOMAS, III**

VOID

PROPERTY: **101 LYNX COURT**
**MULLICA HILL, NJ 08062**

PAY TO THE ORDER OF:

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RS4**

WITHOUT RECOURSE

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY AS TRUSTEE BY ITS ATTORNEY IN FACT OCWEN LOAN SERVICING , LLC**

Melissa Lezama

Signer: Melissa Lezama
Title: Authorized Signer

AUCTION.COM

# CERTIFICATE OF SALE / REVERTED TO BENEFICIARY

| | |
|---|---|
| Foreclosure / Trustee No.: | [redacted] |
| Foreclosure Attorney / Trustee: | RAS Citron, LLC - NJ |
| Servicer Loan No.: | |
| Servicer: | PHH Mortgage |
| Property Address: | 101 LYNX CT, MULLICA HILL, NJ 08062, Gloucester |
| Sold Amount: | $100.00 |
| Auction Date/Time: | 2025-07-23/02:18:57 PM |
| Auction.com ID: | [redacted] |
| Auctioneer: | Meredith McConnell |
| Signature: | |